**Gerardo MARTINEZ–MURILLO,
Petitioner,**

v.

**Michael B. MUKASEY, Attorney
General, Respondent.**

**No. 06–73562.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 12, 2008 *.

Filed Feb. 15, 2008.

Steven P. Brazelton, Esq., Reno, NV, for Petitioner.

NVL–District Counsel, Office of the District Counsel Department of Homeland Security, Las Vegas, NV, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., David E. Dauenheimer, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, D.C., Sharon M. Clay, for Respondent.

Before: SILVERMAN, McKEOWN, and TALLMAN, Circuit Judges.

**MEMORANDUM ***

Gerardo Martinez–Murillo appeals the decision of the Board of Immigration Appeals ("BIA") that he be removed from the United States because of his aggravated felony convictions for a theft offense and a crime of violence, and his convictions for crimes of moral turpitude.

Martinez argues that his conviction for robbery under N.R.S. § 200.380 is neither a theft offense nor a crime of moral turpitude, and further argues that his conviction for battery with a deadly weapon under N.R.S. § 200.481 is not a crime of moral turpitude. However, Martinez has not challenged his removability on the ground that he was convicted of crimes of violence. Thus, he remains removable for having been convicted of an aggravated felony, *see* 8 U.S.C. § 1101(a)(43)(F); *id.* § 1227(a)(2)(A)(iii), and, accordingly, we lack jurisdiction over his petition for review. *Id.* § 1252(a)(2)(C).

Martinez contends that his challenges to the classification of his convictions are properly before us now because the outcome will determine whether Martinez is eligible for re-admission to the United States at some time in the future. We disagree. Martinez's eligibility for re-admission is not ripe for resolution at this stage because, among other reasons, he has not applied for, or been denied, permission to re-enter the United States.

Finally, Martinez asserts that he is eligible for relief under § 212(c) of the Immigration and Naturalization Act. However, Martinez was convicted after a trial and, therefore, he is ineligible for this relief. *See Armendariz–Montoya v. Sonchik,* 291 F.3d 1116, 1121 (9th Cir.2002).

**PETITION DISMISSED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.